# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## (Dallas Division)

| | |
|---|---|
| ROBIN ALESSI, ALTON MORTON BRYANT, CHRISTOPHER MICHAEL BRYANT, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, AND PATSY SCHULTZ<br><br>Plaintiffs,<br><br>SYNAGRO TECHNOLOGIES, INC., SYNAGRO OF TEXAS-CDR, INC., AND RENDA ENVIRONMENTAL INC.,<br><br>Defendants. | Civil Action No. _____<br><br>Removed from the District Court for Johnson County, Texas<br>Case No. DC-C202400917 |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants Synagro Technologies, Inc., Synagro of Texas–CDR, and Renda Environmental, Inc. (collectively, "Defendants") file this Joint Notice of Removal to remove this case from the District Court for Johnson County, Texas to the United States District Court for the Northern District of Texas. Removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). As grounds for removal, Defendants state:

### PROCEDURAL REQUIREMENTS FOR REMOVAL

1. Plaintiffs filed their First Amended Class Action Petition and Application for Mandatory Injunction (the "Petition") on January 23, 2025 in the District Court of Johnson County, Texas, in the 249th Judicial District, Cause No. DC-C202400917.

2. Plaintiffs served the Petition on Defendants on January 23, 2025. Because Defendants have filed this Notice of Removal within thirty days of service of the Petition, the Notice of Removal is timely under 28 U.S.C. § 1446(b).

3.  True and correct copies of the State Court Docket Sheet, as well as all process, pleadings, and orders served upon Defendants are listed on and made exhibits to the Index of Documents attached to this Notice, pursuant to Northern District Local Rule 81.1.

4.  The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 249th Judicial District Court of Johnson County, Texas, where this action was originally filed, is within the federal judicial district for the Northern District of Texas, Dallas Division.

5.  In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve written notice of the filing of this Notice of Removal on Plaintiffs' counsel and file this Notice of Removal (excluding exhibits) with the Clerk of the 249th Judicial District Court of Johnson County, Texas.

## SUBJECT MATTER JURISDICTION

6.  This Court has original jurisdiction over this civil action under CAFA, which provides that a putative class action may be removed on the basis of diversity jurisdiction where:

    a.  The suit is a class action filed under rule 23 of the Federal Rules of Civil Procedure or a similar State statute, 28 U.S.C. § 1332(d)(1)(B);

    b.  Any member of a class of plaintiffs is a citizen of a State different from any defendant, *id*. § 1332(d)(2)(A);

    c.  The class members' claims, in aggregate, exceed the sum or value of $5,000,000 exclusive of interests and costs, *id*. §§ 1332(d)(2) & 1332(d)(6); and

    d.  The number of members of the proposed class exceeds 100, *id*. § 1332(d)(5)(B).

**This case is a "class action" as defined by CAFA.**

7. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiffs bring this action as a putative class action under Texas Rule of Civil Procedure 42 ("Rule 42"). *See* Petition ¶ 106. Rule 42 is similar to Federal Rule of Civil Procedure 23. *Sw. Ref. Co., Inc. v. Bernal*, 22 S.W.3d 425 (Tex. 2000) ("The rule is patterned after Federal Rule of Civil Procedure 23."). This case is therefore a "class action" as defined by CAFA.

**Plaintiffs and Synagro Technologies, Inc. are citizens of different states.**

9. CAFA requires minimal diversity, which is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Defendant Synagro Technologies, Inc. is incorporated in Delaware with its principal place of business located at 435 Williams Court, Ste. 100, Baltimore, Maryland 21220. Synagro Technologies, Inc. is therefore a citizen of only Delaware and Maryland. *See also* Petition ¶ 22.

11. For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313 (5th Cir. 2019) (quotations omitted). Named Plaintiffs all reside in Texas, and it is likely that at least one intends to remain.  *See* Petition ¶¶ 15-21 (stating that each named plaintiff "resides"

in Texas). Accordingly, as alleged, at least one of the named Plaintiffs is domiciled in a state other than Delaware or Maryland.

12. CAFA's minimum diversity requirement is satisfied because there is diversity of citizenship between the named Plaintiffs and at least one Defendant, Synagro Technologies, Inc.

**The amount in controversy exceeds $5,000,000.00.**

13. CAFA provides for original jurisdiction where the amount in controversy "exceeds $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

14. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Burch v. JPMorgan Chase Bank, N.A.*, 821 Fed. Appx. 390, 391 (5th Cir. 2020) ("When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." (quoting *Dart Cherokee*)).

15. The Petition, facially pleads an amount in controversy that exceeds $5,000,000.00. Plaintiffs seek to bring this action on behalf of a class consisting of:

> All individuals who, from 2018 to date, are or were owners of real property and/or personal agricultural property to include livestock and dairy cattle, located in Bosque, Denton, Ellis, Hill, Hood, Johnson, Kaufman, Parker, Sommerville and/or Wise counties and who as a result of Defendants' biosolids have suffered a diminution in value of their property.

Petition ¶ 106. Plaintiffs further state: "[t]he Class consists of thousands of members." Petition ¶ 110.

16. The Petition asserts three claims (by named Plaintiffs and on behalf of "thousands" of proposed class members) for strict liability, negligence, and nuisance. Plaintiffs

allege that all of the putative class members have suffered toxic pollutant contamination of real and/or personal property. Petition ¶ 111. Plaintiffs seek both damages and wide-reaching injunctive relief, including a full investigation and remediation of the impacted property. Petition ¶ 152 and p. 40 (Prayer for Relief). Given the size of the putative class, and the scope of Plaintiffs' allegations, the injunctive relief alone is so costly the allegations readily exceed the jurisdictional amount and would significantly restrain Defendants' operations.

17. Further, for each count, Plaintiffs and the thousands of putative class members they purport to represent seek compensatory, exemplary, and punitive damages. Petition ¶¶ 132, 142, 143, 150, and 118 (as it appears on page 39 of the Petition). The compensatory and punitive damages, sought by thousands of putative class members, are well in excess of $5,000,000, in addition to the demand for extensive injunctive relief. Accordingly, Plaintiffs have facially pled sufficient facts to satisfy the $5,000,000 jurisdictional amount in controversy requirement.

**The putative class includes at least 100 members.**

18. CAFA applies to class actions that are comprised of 100 or more class members. 28 U.S.C. § 1332(d)(5)(B).

19. The Petition alleges that the putative class includes "thousands" of owners of real and personal property owners. Petition ¶¶ 106, 110. Based on the allegations in the Petition, the number of members of the proposed class is well over 100.

**WHEREFORE**, Defendants remove the above-captioned action now pending in the 249th Judicial District Court of Johnson County to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and request that this Court assume jurisdiction and enter any other relief the Court deems necessary to effect removal.

Dated: February 21, 2025                    Respectfully submitted,

    */s/ Christian Ellis*
_____
**Beveridge & Diamond P.C.**
J. Amber Ahmed
Texas Bar No. 24080756
aahmed@bdlaw.com

Collin S. Gannon
Texas Bar No. 24136164
cgannon@bdlaw.com

James B. Slaughter, Va. Bar No. 28166
*Pro Hac Vice* Motion to be submitted
jslaughter@bdlaw.com

400 West 15th Street, Suite 1410
Austin, Texas 78701
(512) 391-8018

**Bonds Ellis Eppich Schafer Jones LLP**
Christian Ellis
Texas Bar No. 24007154
christian@bondsellis.com

420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102-3727
(817) 405-6904

**ATTORNEYS FOR DEFENDANTS SYNAGRO TECHNOLOGIES, INC. AND SYNAGRO OF TEXAS-CDR, INC.**

**Taunton, Snyder & Parish, P.C.**
Matthew S. Parish
777 N Eldridge Pkwy, Suite 450
Houston, TX 77079
Direct: 713.993.2342
Texas Bar #: 24014279

**ATTORNEYS FOR DEFENDANT RENDA ENVIRONMENTAL, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this Notice of Removal has been served in accordance with the Federal Rules of Civil Procedure on this 21st day of February 2025 to:

Mary Whittle
Mark Guerrero
GUERRERO & WHITTLE, PLLC
2905 San Gabriel Street, Suite 309
Austin, Texas 78705
mary@gwjustice.com
mark@gwjustice.com

Christopher L. Schnieders
NAPOLI SHKOLNIK, PLLC
6731 W. 121st Street
Suite 201
Overland Park, Kansas 66209
cschnieders@napolilaw.com
Patrick N. Haines
3001 Esperanza Crossing #1065
Austin, Texas 78758
phaines@napolilaw.com

Paul J. Napoli
NSPR LAW SERVICES, LLC
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
pnapoli@nsprlaw.com


                                                  */s/ Christian Ellis*
                                                  Christian Ellis