

**Mary Whittle**
Partner
mary@gwjustice.com
(512) 610-2331 direct dial

July 15, 2026

*Filed/Served via CM/ECF*

Hon. Magistrate Judge Rebecca Rutherford
U.S. District Court for the Northern District of Texas
1100 Commerce Street, Room 1376W
Dallas, TX 75242

Re:   *Alessi, et al., v. Synagro Technologies, Inc., et al.*, Civil Case No. 3:25-CV-0445-K
      Plaintiffs' Response to Synagro Defendants' Notice of Supplemental Authority

Dear Magistrate Judge Rutherford:

Plaintiffs respectfully submit this letter to respond briefly to the Notice of Supplemental Authority [Dkt. #67] filed by the Synagro Defendants last week. The letter concerned a one-page trial court order entered in a Texas state court case (*Carter et al. v. Synagro Technologies, Inc., et al.*, Cause No. CV289-23DC, 66th Judicial District, Hill County, Texas) back on May 6, 2026. As discussed below, the factual and procedural posture of the state court case are readily distinguishable; and, thus, Plaintiffs believe the *Carter* order is neither applicable nor persuasive in this case.

1. **Plaintiffs' Causes of Action Are Distinguishable from *Carter* and Are Specifically <u>Not</u> Barred by the Texas Right to Farm Act.**

The Synagro Defendants would have this court believe that the *Carter* case is a state court analogue to the present case. It is not. In *Carter*, plaintiffs asserted five causes of action against the Synagro Defendants: (1) negligence, (2) gross negligence; (3) nuisance *per se*; (4) private nuisance; and (5) trespass, as well as (6) a general claim of agency and respondeat superior. Moreover, the lawsuit specifically named various Synagro entities for producing, transporting, and <u>distributing</u> the biosolids fertilizer at issue in that case, and for various violations of the Texas Administrative Code. **Exhibit 1**, *Carter Plaintiffs' First Amended Petition*, ¶¶21-22, 32-40. The lawsuit also brought claims against the neighboring property owners who received the biosolids, and two environmental companies that plaintiffs alleged were working as agents of Synagro.

Conversely, Plaintiffs in the instant case sue only Synagro (and Renda Environmental) for three discrete causes of action: (1) negligence; (2) strict liability – design defect; and (3) strict liability – failure to warn. *Plaintiffs' Second Am. Complaint* [Dkt. #35], ¶¶131-197. <u>All</u> of the causes of action are based only on Defendants' role in production and marketing of a harmful product (*i.e.,*

the "design, development, manufacture, testing, promoting, marketing, advertising, distribution, labeling, and/or sale of biosolids fertilizers"). *Id.*, ¶¶1-2.

This distinction is more than just semantics. The Texas Right to Farm Act ("TRFA"), relied upon by the Synagro Defendants here and the basis of their summary judgment motion in *Carter*, states that:

> No nuisance action or other action to restrain an agricultural operation may be brought against an agricultural operation that has lawfully been in operation and substantially unchanged for one year or more prior to the date on which the action is brought.

TEX. AGRIC. CODE §251.004(a) (emphasis added). As explained in Plaintiffs' Response to Defendants' Motion to Dismiss [Dkt. #49], Plaintiffs here have not brought a "nuisance action" (or trespass, for that matter) nor do they seek to restrain "an agricultural operation" as that term is defined in TRFA. This case is a products liability case and nothing in *Carter* can be read to apply the TRFA to bar a products liability claim against a company for the production and sale of a dangerous product. Accordingly, the Court should not ignore the statutory language in TRFA and expand it to cases outside its limited scope.

## 2. Distinguishable Procedural Posture, and Different Factual Records.

Plaintiffs also note that the *Carter* case was decided at the summary judgment stage, after fact discovery including depositions, and that the factual record in that case contained sworn testimony from a former Synagro technical director that discussed Synagro's role in delivering biosolids to farmers, and from one of the neighboring farmers who received Synagro's products which then entered onto the *Carter* plaintiffs' property. Again, this evidence went to those plaintiffs' claims based on negligence, nuisance, and trespass – which are not at issue in this case.

In the instant case, the only materials outside the pleadings themselves are the actual contracts between the City of Fort Worth and Synagro and Renda – there is no sworn testimony submitted by any party, and certainly no evidence by Synagro to support its TRFA arguments in this case. If anything, since this case is still at the motion to dismiss stage, the court must construe all pleadings in Plaintiffs' favor, taking all their pleaded facts as true. Accordingly, any attempt to bootstrap the evidentiary record from *Carter* into the pleading stage here is not proper.

## Conclusion

In sum, the *Carter* decision from the Hill County district court is too far afield to be dispositive on the Texas Right to Farm Act issues raised in this case. Plaintiffs' products liability causes of action are not restricted or governed by the TRFA, nor is a one-page, unreported summary judgment opinion – by a single trial court based on an evidentiary record absent in this case – persuasive authority to expand the reach of the TRFA past its plain language.

*Plaintiffs' Letter Response*; page 3 of 3.

Accordingly, Plaintiffs re-urge the Court to deny Defendants' motion to dismiss for the reasons discussed in greater detail in their previously-filed response [Dkt. #49].

Respectfully submitted,

Mary Whittle
Attorney for Plaintiffs