**CAUSE NO. CV289-23DC**

| | | |
|---|---|---|
| MARVIN CARTER; ESTHER LOZANO; CURTIS WINSTON and BEVERLY WINSTON | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| V. | § § § | |
| | § § | 66th JUDICIAL DISTRICT |
| SYNAGRO TECHNOLOGIES, INC.; SYNAGRO-WWT, INC.; SYNAGRO MANAGEMENT, L.P.; SYNAGRO OF TEXAS-CDR, INC. HYDROAG ENVIROMENTAL, LLC; BOWMAN ENVIROMENTAL ENTERPRISES, LLC; JOHN ADNEY AND TOMMY ADNEY; DARCY FRICKS; GERALD BAILEY; AND ROBERT STRONA, | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**HILL COUNTY, TEXAS**

## PLAINTIFFS' FIRST AMENDED PETITION

COMES NOW, **MARVIN CARTER, ESTHER LOZANO, CURTIS WINSTON, AND BEVERLY WINSTON**, Plaintiffs, and files this Plaintiffs' Original Petition against Defendants **SYNAGRO TECHNOLOGIES, INC.; SYNAGRO-WWT, INC.; SYNAGRO MANAGEMENT, L.P.; SYNAGRO OF TEXAS-CDR, INC.; HYDROAG ENVIROMENTAL, LLC; BOWMAN ENVIROMENTAL ENTERPRISES, LLC, JOHN ADNEY, TOMMY ADNEY, DARCY FRICKS; GERALD BAILEY; AND ROBERT STRONA** and would show the Court as follows:

Plaintiffs' First Amended Petition                                                                1

## A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit does not fall under the expedited actions process of Texas Rule of Civil Procedure 169.

## B. RELIEF

2. Plaintiffs seek monetary relief over $1,000,000.00

## C. PARTIES

3. Plaintiff Marvin Carter is an individual residing in the state of Texas. Plaintiff may only be reached through the undersigned counsel.

4. Plaintiff Esther Lozano is an individual residing in the state of Texas. Plaintiff may only be reached through the undersigned counsel.

5. Plaintiff Curtis Winston is an individual residing in the state of Texas. Plaintiff may only be reached through the undersigned counsel.

6. Plaintiff Beverly Winston is an individual residing in the state of Texas. Plaintiff may only be reached through the undersigned counsel.

7. Defendant **Synagro Technologies, Inc**., is a corporation organized and existing under the laws of Delaware whose principal office is located at 701 Brazos St. Ste. 1050. Austin, TX 78701-3232. Defendant is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, **CT Corporation System, in Dallas County, at 1999 Bryan St, Ste. 900, Dallas, TX 75201-3136**. **Have been served have answered.**

8. Defendant **Synagro-WWT, Inc**. is a corporation organized and existing under the laws of Maryland whose principal office is located in Harris County at 1800 Bering Dr. Ste. 1000, Houston, TX 77057. Defendant is authorized to do business in Texas and may be served with

process by serving its registered agent for service of process, **CT Corporation System, in Dallas County, at 1999 Bryan St, Ste. 900, Dallas, TX 75201-3136**. <u>**Have been served have answered.**</u>

9.      Defendant **Synagro Management, L.P.**, is a domestic limited partnership whose principle office is located in Harris County at 1800 Bering Dr. Ste. 1000, Houston, TX 77057. Defendant may be served with process through its registered agent for service of process, **CT Corporation System, in Dallas County, at 1999 Bryan St, Ste. 900, Dallas, TX 75201-3136**. <u>**Have been served have answered.**</u>

10.     Defendant **Synagro of Texas-CDR, Inc**. is a domestic corporation who maintains its principal office in Baltimore County, Maryland at 435 Williams Court Ste 100, Baltimore, MD, 21220. Defendant may be served with process through its registered agent for service of process, **CT Corporation System, in Dallas County, at 1999 Bryan St, Ste. 900, Dallas, TX 75201-3136**. <u>**Have been served have answered.**</u>

11.     Defendant **HydroAg Environmental, LLC**. is a limited liability corporation organized and existing under the laws of Arkansas whose principal office is located at 1224 E 14th St. Russellville, AR 72802. Defendant is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, **Erick W. Rowland, in Wood County at 612 Lance Rd., Quitman, TX 75783. <u>Have been served have answered.</u>**

12.     Defendant **Bowman Environmental Enterprises, LLC**. is a domestic limited liability corporation whose registered office is located in **Hill County at 801 S. Files St. Itasca, TX 76055.** Defendant may be served with process through its registered agent **Nancy J. Bowman** at that address. <u>**Have been served have answered.**</u>

13.    Defendant, **JOHN ADNEY**, is an individual who may be served with process at Defendant's residence by personal delivery at **375 HCR 4230, Hillsboro, TX 77645** or wherever he may be found.

14.    Defendant, **THOMAS ADNEY**, is an individual who may be served with process at Defendant's residence by personal delivery at **361 HCR 4230, Hillsboro, TX 77645** or wherever he may be found.

15.    Defendant, **DARCY FRICKS**, is an individual who may be served with process at Defendant's residence by personal delivery at **2100 Newt Patterson Rd. Mansfield, TX 76063** or wherever she may be found.

16.    Defendant, **GERALD BAILEY**, is an individual who may be served with process at Defendant's residence by personal delivery at **408 Hill County Road 4251, Itasca, TX 76055** or wherever he may be found.

17.    Defendant, **ROBERT STRONA**, is an individual who may be served with process at Defendant's residence by personal delivery at **135 Private Road 444, Itasca, TX 76055** or wherever he may be found.

## D.  JURISDICTION AND VENUE

18.    The Court has personal jurisdiction over Defendants because all are Texas residents and/or conduct regular business in Texas. The Court has subject-matter jurisdiction over this case because Plaintiffs seek an amount in excess of the minimal jurisdictional limits of this Court. The Court has venue over this suit because all or a substantial part of the events or omissions occurred in this county. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## E.  FACTS

19.    Plaintiff Marvin Carter ("Carter") is an owner of a parcel of land located in Hill County at 383 Hill Co Ro 4254, Itasca, Texas ("The Land"). Prior to the events at issue, Carter had been developing the previously undeveloped land for his and his family's enjoyment. Plaintiff Esther Lozano ("Lozano"), Plaintiff Carter's fiancé and co-owner, frequently assisted Carter in his work on The Land. Additionally, Plaintiffs Beverly and Curtis Winston ("The Winstons"), Carter's elderly parents, frequently accompanied Carter to the Itasca property while he was working.

20.    Months after purchasing the property in 2022, Plaintiffs  became aware that adjoining properties owned by Darcy Fricks, Gerald Bailey, and Robert Strona ("the Property Owners"), and farmed by Tommy and John Adney, were receiving deliveries and application of class AB biosolids ("the biosolids) as defined by 30 T.A.C chapter 312. These biosolids are composed of human sewage and fecal byproduct and can carry dangerous pathogens.

21.    The biosolids at issue were produced with waste provided by the City of Fort Worth. Defendant Synagro of Texas-CDR, Inc. is contractually responsible for producing, transporting, and distributing the biosolids at issue pursuant to a City of Fort Worth contract.

22.    Synagro of Texas-CDR, Inc. is a wholly owned subsidiary of Synagro-WWT, Inc., who is in turn owned by Synagro Technologies, Inc. All three of these companies (hereinafter "the Synagro Companies") were involved in the production of, distribution of, management of, and or monitoring of the biosolids and contract relevant to this suit and the location at issue.

23.    On or about July 3rd and 4th of 2022, Plaintiffs intended to host a family gathering, but were forced to cut the gathering short due to the intense and putrid smell of human fecal waste emanating from the southern-adjoining property ("Defendants' Property"). Plaintiff Carter has since experienced the strong odor frequently emanated from Defendants' Property.

Plaintiffs' First Amended Petition                                                                                          5

24.    On August 22, 2022, a severe rainstorm reached Plaintiff's property. During this storm, Plaintiff's property was overrun by a human fecal matter by way of brown fecal sludge containing human waste that ran from Defendants' Property onto Plaintiffs' Property. Plaintiff Carter personally observed and recorded a video of this event.

25.    The intruding human waste in the fecal sludge ultimately spread across a significant portion of Plaintiffs' land. Further, the intruding human fecal sludge contaminated Plaintiff Carter's soil, stock pond, water well, and other portions of Plaintiff's property.

26.    Because Plaintiffs have also contracted diseases, including Hepatitis A due to being exposed to the human fecal matter.

27.    The delivered bio-solids and human fecal sludge were at all times subject to regulation under the Texas Administrative Code and by the TCEQ. Despite this, Defendants failed to distribute, deliver, monitor, receive, and/or use the hum in accordance with the applicable regulations.

28.    After Plaintiff's land was contaminated, Plaintiff attempted to speak with numerous individuals in an attempt to investigate the issue. During one of these interactions, Plaintiff spoke with an individual working for Defendant HydroAg Environmental, LLC ("HydroAg") who was on Defendants' Property with a HydroAg truck. Following this conversation, it is Plaintiffs' understanding that HydroAg is an agent of, and/or otherwise assists the Synagro Companies, collectively, in transporting and applying the biosolids and human fecal sludge to Defendants Property.

29.    Upon further investigation, Plaintiff was told that Defendant Bowman Environmental Enterprises, LLC is responsible for overseeing, consulting with, or otherwise ensuring that the Synagro Companies, HydroAg, and/or the landowners/farmers are distributing the biosolids and

Plaintiffs' First Amended Petition                                                                                    6

human fecal sludge in accordance with applicable law. Despite Defendant Bowman's undertakings and oversite, applicable law was not followed causing injury to Plaintiffs.

30.     Without the knowledge or consent of Plaintiffs, Defendants caused the delivered biosolids and human fecal sludge to intrude onto Plaintiffs' land. In addition to offensive odors, the biosolids on Plaintiffs' land caused Plaintiffs to suffer from various diseases and physical ailments.

31.     Despite Plaintiffs' best efforts, Defendants continue to cause and or contribute to violations of the Texas Administrative Code Chapter 312, which continue to cause damages to Plaintiffs. To this day, Plaintiffs property continues to be affected and contaminated by the intruding biosolids and human fecal sludge.

## F.  CAUSES OF ACTION AGAINST THE SYNAGRO DEFENDANTS
## COUNT 1 – NEGLIGENCE

32.     Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein. Plaintiffs plead all claims cumulatively and in the alternative. Plaintiffs plead negligence as ordinary negligence, negligent undertaking, and negligent hiring, training, monitoring, and supervision. Each of these acts and omissions of these Defendants, singularly or in combination with others, were negligent and were each and all a proximate cause of the incidents made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiffs.

33.     Plaintiff would show that the Synagro Defendants were negligent in failing to use ordinary care in the operation of their business, in failure to monitor, train, supervise, or otherwise ensure the safe behavior of their agents and employees, and in violating the following provisions of the Texas Administrative code:

    **a.**  30 TAC 312.42

    **b.**  30 TAC 312.44(c)

    **c.**   30 TAC 312.44(h)

    **d.**   30 TAC 312.44(h)(3)

    **e.**   30 TAC 312.44(h)(4)

    **f.**   30 TAC 312.44(h)(5)

    g.   30 TAC 312.44(j)(1)

    h.   30 TAC 312.44(j)(2)

    i.   30 TAC 312.44(j)(3)(B)

## COUNT 2- GROSS NEGLIGENCE

34.   The acts and omissions alleged herein were made with conscious indifference and reckless disregard for the safety of others, the acts and omissions detailed above also constitute gross negligence by the Defendants. When viewed objectively from the standpoint of the Defendants at the time of their occurrence, those actions and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, the Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscience indifference

## COUNT 3 – NUISANCE PER SE

35.   In addition to the other counts, Defendants' negligence described in Count 1 can be considered a nuisance at all times, under any circumstances, and in any location. Defendant's violations of the Texas Administrative Code, as set forth in Count 1, constitute a nuisance per se.

36.   These codes and ordinances were designed to protect a class of persons to which Plaintiffs belong against the type of injury suffered by Plaintiffs. Defendants' violations of the foregoing ordinances and codes were without a legal excuse. Defendants are interfering with Plaintiffs'

interest in the use and enjoyment of their homes and/or land. Defendants are also causing Plaintiffs to suffer unreasonable discomfort or annoyance.

## COUNT 4 – PRIVATE NUISANCE

37.     Plaintiffs are all owners of property located in Hill County, Texas. Defendants have collectively created and maintained a condition that subsequently interfered with Plaintiffs' interest in the use and enjoyment of their homes, businesses, and land, causing Plaintiffs unreasonable discomfort or annoyance. Defendants' conduct has been negligent and/or intentional.

## COUNT 5– TRESPASS

38.     Plaintiffs own and have a lawful right to possess their real property. Defendants have entered the Plaintiffs' real property through the introduction of the biosolids, physical contaminants, and accompanying odors complained of herein without Plaintiffs' consent or authorization. This entry was intentional, physical, and voluntary. Defendants had knowledge that their actions were practically certain to have the effects complained of herein. Defendants' trespass caused injuries to the Plaintiffs as complained of herein.

## COUNT 6—AGENCY; RESPONDEAT SUPERIOR; PARTICIPATORY LIABILITY—ASSISTING AND ENCOURAGING

39.     At all times relevant to this case, the Defendants were acting through their employees, agents, apparent agents, servants, and/or principals. These employees, agents, apparent agents, servants, and/or principals were acting within the course and scope of their authority on behalf of the Defendants at the time of the incidents made the basis of this lawsuit. Accordingly, the Defendants are vicariously liable for the negligent conduct of their employees, agents, apparent agents, servants and/or principals at the time of this incident under the legal doctrine of respondeat superior.

40.	Furthermore, Defendants are participatorily liable to Plaintiffs through assisting and encouraging because all Defendants have assisted and/or encouraged the acts complained of herein.

## G.  CAUSES OF ACTION AGAINST HYDROAG ENVIRONMENTAL, LLC

### COUNT 1 – NEGLIGENCE

41.	Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein. Plaintiffs plead all claims cumulatively and in the alternative. Plaintiffs plead negligence as ordinary negligence, negligent undertaking, and negligent hiring, training, monitoring, and supervision. Each of these acts and omissions of these Defendants, singularly or in combination with others, were negligent and were each and all a proximate cause of the incidents made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiffs.

42.	Plaintiff would show that HydroAg was negligent in failing to use ordinary care in the operation of its business, in failure to monitor, train, supervise, or otherwise ensure the safe behavior of its agents and employees, and in violating the following provisions of the Texas Administrative code:

a.  30 TAC 312.42

b.  30 TAC 312.44(c)

c.  30 TAC 312.44(h)

d.  30 TAC 312.44(h)(3)

e.  30 TAC 312.44(h)(4)

f.  30 TAC 312.44(h)(5)

g.  30 TAC 312.44(j)(1)

h.  30 TAC 312.44(j)(2)

i.   30 TAC 312.44(j)(3)(B)

## COUNT 2 - GROSS NEGLIGENCE

43.     The acts and omissions alleged herein were made with conscious indifference and reckless disregard for the safety of others, the acts and omissions detailed above also constitute gross negligence by the Defendant. When viewed objectively from the standpoint of the Defendant at the time of their occurrence, those actions and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, the Defendant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscience indifference

## COUNT 3 – NUISANCE PER SE

44.     In addition to the other counts, Defendant's negligence described in Count 1 can be considered a nuisance at all times, under any circumstances, and in any location. Defendant's violations of the Texas Administrative Code, as set forth in Count 1, constitute a nuisance per se.

45.     These codes and ordinances were designed to protect a class of persons to which Plaintiffs belong against the type of injury suffered by Plaintiffs. Defendant's violations of the foregoing ordinances and codes were without a legal excuse. Defendant is interfering with Plaintiffs' interest in the use and enjoyment of their homes and/or land. Defendant is also causing Plaintiffs to suffer unreasonable discomfort or annoyance.

## COUNT 4 – PRIVATE NUISANCE

46.     Plaintiffs are all owners of property located in Hill County, Texas. Defendants have collectively created and maintained a condition that subsequently interfered with Plaintiffs'

Plaintiffs' First Amended Petition                                                    11

interest in the use and enjoyment of their homes, businesses, and land, causing Plaintiffs unreasonable discomfort or annoyance. Defendants' conduct has been negligent and/or intentional.

## COUNT 5– TRESPASS

47.     Plaintiffs own and have a lawful right to possess their real property. Defendants have entered the Plaintiffs' real property through the introduction of the biosolids, physical contaminants, and accompanying odors complained of herein without Plaintiffs' consent or authorization. This entry was intentional, physical, and voluntary. Defendants had knowledge that their actions were practically certain to have the effects complained of herein. Defendants' trespass caused injuries to the Plaintiffs as complained of herein.

## COUNT 6—AGENCY; RESPONDEAT SUPERIOR; PARTICIPATORY LIABILITY—ASSISTING AND ENCOURAGING

48.     At all times relevant to this case, the Defendants were acting through their employees, agents, apparent agents, servants, and/or principals. These employees, agents, apparent agents, servants, and/or principals were acting within the course and scope of their authority on behalf of the Defendants at the time of the incidents made the basis of this lawsuit. Accordingly, the Defendants are vicariously liable for the negligent conduct of their employees, agents, apparent agents, servants and/or principals at the time of this incident under the legal doctrine of respondeat superior.

49.     Furthermore, Defendants are participatorily liable to Plaintiffs through assisting and encouraging because all Defendants have assisted and/or encouraged the acts complained of herein.

## H.  CAUSES OF ACTION AGAINST BOWMAN ENVIRONMENTAL ENTERPRISES,  LLC

## COUNT 1 – NEGLIGENCE

50.      Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein. Plaintiffs plead all claims cumulatively and in the alternative. Plaintiffs plead negligence as ordinary negligence, negligent undertaking, and negligent hiring, training, monitoring, and supervision. Each of these acts and omissions of these Defendants, singularly or in combination with others, were negligent and were each and all a proximate cause of the incidents made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiffs.

51.      Defendant Bowman Environmental Enterprises, LLC was responsible, in whole or in part, for ensuring and or auditing other Defendants' distribution of biosolids on the land adjoining Plaintiff's property for compliance with the applicable regulations. Defendant failed to use ordinary care in ensuring that such compliance was obtained, and further failed to properly hire, train, supervise, and/or monitor its agents and employees.

### COUNT 2 —AGENCY; RESPONDEAT SUPERIOR; PARTICIPATORY LIABILITY—ASSISTING AND ENCOURAGING

52.      At all times relevant to this case, the Defendants were acting through their employees, agents, apparent agents, servants, and/or principals. These employees, agents, apparent agents, servants, and/or principals were acting within the course and scope of their authority on behalf of the Defendants at the time of the incidents made the basis of this lawsuit. Accordingly, the Defendants are vicariously liable for the negligent conduct of their employees, agents, apparent agents, servants and/or principals at the time of this incident under the legal doctrine of respondeat superior. Furthermore, Defendants are participatorily liable to Plaintiffs through assisting and encouraging because all Defendants have assisted and/or encouraged the acts complained of herein.

## I.   CAUSES OF ACTION AGAINST JOHN AND TOMMY ADNEY AND THE PROPERTY OWNER DEFENDANTS

### COUNT 1 – PRIVATE NUISANCE

53.    Plaintiffs are all owners of property located in Hill County, Texas. Defendants have collectively created and maintained a condition that subsequently interfered with Plaintiffs' interest in the use and enjoyment of their homes, businesses, and land, causing Plaintiffs unreasonable discomfort or annoyance. Defendants' conduct has been negligent and/or intentional.

### COUNT 2– TRESPASS

54.    Plaintiffs own and have a lawful right to possess their real property. Defendants have entered the Plaintiffs' real property through the introduction of the biosolids, physical contaminants, and accompanying odors complained of herein without Plaintiffs' consent or authorization. This entry was intentional, physical, and voluntary. Defendants had knowledge that their actions were practically certain to have the effects complained of herein. Defendants' trespass caused injuries to the Plaintiffs as complained of herein.

### COUNT 3- NEGLIGENCE

55.    Plaintiffs re-allege and incorporate the facts and allegations set forth above as if they were fully set forth herein. Plaintiffs plead all claims cumulatively and in the alternative. Plaintiffs plead negligence as ordinary negligence, negligent undertaking, and negligent hiring, training, monitoring, and supervision. Each of these acts and omissions of these Defendants, singularly or in combination with others, were negligent and were each and all a proximate cause of the incidents made the basis of this lawsuit and of the injuries and damages suffered by the Plaintiffs.

### COUNT 4—AGENCY; RESPONDEAT SUPERIOR; PARTICIPATORY LIABILITY—ASSISTING AND ENCOURAGING

Plaintiffs' First Amended Petition                                    14

56. At all times relevant to this case, the Defendants were acting through their employees, agents, apparent agents, servants, and/or principals. These employees, agents, apparent agents, servants, and/or principals were acting within the course and scope of their authority on behalf of the Defendants at the time of the incidents made the basis of this lawsuit. Accordingly, the Defendants are vicariously liable for the negligent conduct of their employees, agents, apparent agents, servants and/or principals at the time of this incident under the legal doctrine of respondeat superior.

57. Furthermore, Defendants are participatorily liable to Plaintiffs through assisting and encouraging because all Defendants have assisted and/or encouraged the acts complained of herein.

## J. DAMAGES

58. The condition created and maintained by Defendants caused injury to Plaintiffs' property and person, which resulted in the following damages: Damages for loss of use and enjoyment of real property caused by the temporary and/or permanent nuisance; Personal-property damages; and/or Personal-injury damages. Plaintiffs seek the following personal-injury damages:

    a) Past pain and suffering;

    b) Future pain and suffering;

    c) Past mental anguish;

    d) Future mental anguish;

    e) Physical impairment;

    f) Medical expenses, past and future.

59.     Plaintiffs also seek damages for loss of use of their property, all lost profits, loss of market value to their real property, the cost of repair, and/or the loss of value caused by the destruction of their personal property.

60.     Plaintiffs seek damages within the jurisdictional limits of this Court.

61.     **Exemplary damages**. Plaintiffs' injuries resulted from Defendants' gross negligence or malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).damages under Texas Civil Practice & Remedies Code section 41.003(a).

## K.  JURY DEMAND

62.     Plaintiffs demand a jury trial and tender the appropriate fee with this Petition

## L.     PRAYER

63.     For these reasons, Plaintiffs ask that the Court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants, jointly and severally, for the following:

a)  Actual damages;

b)  Exemplary damages;

c)  Prejudgment interest as provided by law;

d)  Post judgment interest as provided by law;

e)  All costs of suit; and

f)  Such other and further relief; at law or in equity, to which the Plaintiffs may show themselves justly entitled, at law or in equity.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, PC**

By: */s/* Ted B. Lyon _____

       **TED B. LYON**
       State Bar No. 12741500
       tbylon@tedlyon.com
       **RICHARD MANN**
       State Bar No. 24079640
       rmann@tedlyon.com
       **AIDAN MOFFATT**
       State Bar No. 24136001
       amoffat@tedlyon.com
       Town East Tower, Suite 525
       18601 LBJ Freeway
       Mesquite, Texas 75150
       Phone: (972) 279-6571
       Fax: (972) 279-3021

       **ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jimmy Brashear on behalf of Aidan Moffatt
Bar No. 24136001
jimmy@tedlyon.com
Envelope ID: 83268749
Filing Code Description: Amended Petition
Filing Description: Plaintiffs' 1st Amended Petition
Status as of 1/10/2024 11:36 AM CST

Associated Case Party: Marvin Carter

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jimmy Brashear | | jimmy@tedlyon.com | 1/10/2024 11:26:01 AM | SENT |
| Richard Mann | | rmann@tedlyon.com | 1/10/2024 11:26:01 AM | SENT |

Associated Case Party: SYNAGRO TECHNOLOGIES INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Ramirez | | mramirez@grsm.com | 1/10/2024 11:26:01 AM | SENT |
| Audrey Busby | | abusby@grsm.com | 1/10/2024 11:26:01 AM | SENT |
| Katherine Stark | | khstark@grsm.com | 1/10/2024 11:26:01 AM | SENT |
| Breann Smith | | bxsmith@grsm.com | 1/10/2024 11:26:01 AM | SENT |

Associated Case Party: Bowman Enviromental Enterprises LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Dowell | | bdowell@namanhowell.com | 1/10/2024 11:26:01 AM | SENT |
| Lauren Monroe | | lmonroe@namanhowell.com | 1/10/2024 11:26:01 AM | SENT |
| Diana Dobson | | ddobson@namanhowell.com | 1/10/2024 11:26:01 AM | SENT |
| Claire Harbert | | charbert@namanhowell.com | 1/10/2024 11:26:01 AM | SENT |
| Dawn Coyle | | dcoyle@namanhowell.com | 1/10/2024 11:26:01 AM | SENT |

Associated Case Party: HydroAg Enviromental LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ken Woodard | | kwoodard.atty@bushramirez.com | 1/10/2024 11:26:01 AM | SENT |